IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OSCO MOTORS COMPANY LLC, et al., | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 13-868-RGA |
| MARINE ACQUISITION CORP, et al., | : |
| Defendants. | : |

**MEMORANDUM ORDER**

The Magistrate Judge has filed a Report and Recommendation. (D.I. 34). Defendants have filed objections, to which the Plaintiffs have responded. (D.I. 35, 37). The matter is now before this Court.

Findings of fact are reviewed for clear error. Review of the factual determinations is limited to the record that was before the magistrate judge. Determinations of applicable legal standards are reviewed for error. There are also decisions that involve the exercise of discretion, and discretionary decisions are reviewed for abuse of discretion. "This deferential standard of review is 'especially appropriate where the Magistrate Judge has managed this case from the outset and developed a thorough knowledge of the proceedings.'" *Cooper Hospital/University Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (quoting another District of New Jersey case).

The grant of a stay is a discretionary decision. I do not believe recommending that the stay be denied was an abuse of discretion. Further, given the timetable that seems to be occurring with the arbitration (*see* D.I. 37, at p. 1 n.2), the issue, while not actually moot, will likely be moot very shortly.

On the breach of contract claim, while the confidentiality agreement does not say "use," it would be a strange agreement that allowed the Defendants to use the confidential information to the detriment of Plaintiffs. Thus, while it is possible that the Court might adopt a contract interpretation as Defendants request, it cannot be said that the breach of contract claim is implausible viewing the allegations of the amended complaint, including the contract itself, in the light most favorable to the Plaintiffs.

On the breach of the duty to negotiate in good faith, Plaintiffs' amended complaint is quite unclear as to exactly (or even generally) what its theory is. (*See* D.I. 19, ¶¶ 80-89; *see also id.* ¶¶ 29, 41-42). The complaint seems to say that the Letter of Intent[1] provided for the confidentiality of exchanged information, with the Defendants not to disclose the negotiations, Defendants to have exclusivity and to do the due diligence timely. (*Id.*, ¶¶ 81-83). Defendants realized from the exchanged information that there might be economic advantages to not purchasing Plaintiffs, and therefore did not make the purchase. (*Id.*, ¶¶ 85-88). The Report and Recommendation concludes, based on the earlier letter of intent (D.I. 25), that the letter of intent creates an express duty to negotiate in good faith. (D.I. 34 at 25). While that conclusion seems more than reasonable in the Rule 12(b)(6) context, I cannot conclude that Count 4 actually alleges that, and am somewhat doubtful that it alleges a breach of that covenant either. Therefore, I will dismiss Count 4 with leave to refile.

Thus, this 16th day of January 2014, the Objections (D.I. 35) are **OVERRULED IN PART AND SUSTAINED IN PART.** The conclusions of the Report and Recommendation

---

[1] There were two letters of intent. The amended complaint does not specify which letter of intent it is referring to in Count 4. The Report and Recommendation refers to the letters of intent. (D.I. 34 at 11).

(D.I. 34) are **ADOPTED** except as inconsistent with this Memorandum Order. The motion to dismiss (D.I. 21) is **GRANTED IN PART** (dismissing Counts 2 and 4) and **DENIED IN PART** (not dismissing Counts 3). The motion to stay (D.I. 21) is **DENIED**. Plaintiff is **GRANTED LEAVE TO FILE AN AMENDED COMPLAINT** so long as the amended complaint is filed not later than January 30, 2014. The Court will **SCHEDULE** a Rule 16 conference about two months from now.

*[signature]*
United States District Judge